# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDSON FURTADO, | * |
| Petitioner, | * |
| v. | * Civil Action No. RWT-11-1618 |
| CIRCUIT COURT FOR MONTGOMERY CO., | * |
| CIRCUIT COURT FOR HARFORD CO., | * |
| DISTRICT COURT FOR BALTIMORE CITY, | * |
| DOUGLAS GANSLER, and CLIFTON T. PERKINS HOSPITAL CENTER, | * |
| | * |
| Respondents. | * |

***

## **MEMORANDUM OPINION**

The above-captioned case was filed on June 13, 2011, and supplemented on June 14, 2011. ECF Nos. 1 and 2. Liberally construed, the self-represented pleadings have been docketed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

Petitioner is confined to Clifton T. Perkins Hospital ("Perkins") after being found not competent to stand trial. He appears to be asserting on behalf of himself and others so confined that he is illegally held because he has not stood trial and is improperly subjected to forced medication by staff at Perkins. ECF No. 1. Petitioner may only assert claims on behalf of himself; therefore, any claims raised on behalf of others who have not filed a petition bearing their signatures will not be considered by the Court.

Circuit Courts for Montgomery County and Harford County, as well as the District Court for Baltimore City, are improperly named as Respondents. See Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) (proper respondent in habeas corpus proceedings is the person who has

immediate custody of the person detained). The courts shall be stricken as Respondents.

To the extent the Petition seeks to challenge the validity of Petitioner's current confinement, he must establish that he has exhausted state remedies. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. See Dickerson v. Louisiana, 816 F. 2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F. 3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. See id., § 10-805(h).

Petitioner has not challenged his commitment order in state court. Special circumstances justifying this court's intervention do not exist where there are state procedures in place to protect Petitioner's constitutional rights. See Moore v. DeYoung, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); but see Drayton v. Hayes, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner

went to trial). Petitioner will be provided an opportunity to establish that he has exhausted state remedies and will be provided forms with which to supplement his Petition for Writ of Habeas Corpus.

To the extent Petitioner is also claiming that he is medicated without consent, he may pursue that claim as a civil rights claim, but must provide a brief statement concerning when he was medicated and by whom. The claim must include the names of individual state employees involved in the alleged forced medication. Again, Petitioner is reminded that he may not raise claims on behalf of other persons confined at Perkins.


Date: <u>July 14, 2011</u>              /s/
                   ROGER W. TITUS
               UNITED STATES DISTRICT JUDGE