# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**EDSON FURTADO,**

    Petitioner,

v.      Case No.: RWT 11cv1618

**CIRCUIT COURT FOR
MONTGOMERY COUNTY,** *et al.*,

    Respondents.

## MEMORANDUM OPINION

On July 15, 2011, this Court issued a Memorandum Opinion and Order requiring Petitioner to supplement his Habeas Corpus Petition asserting that his detention at Clifton T. Perkins is improper. ECF Nos. 4, 5. Petitioner was directed to demonstrate that he had exhausted his claim through the state courts.

Petitioner's supplement does not comply with the court's directive. It is a rambling diatribe which parrots the ideals espoused by the "flesh and blood" movement. Petitioner includes IRS forms claiming entitlement to billions of dollars from various countries and declaring himself released from debts owed to Clifton T. Perkins and the State of Maryland. He repeatedly refers to other persons also confined at Clifton T. Perkins and makes nonsensical statements devoid of any legal meaning or significance. ECF No. 6.

Review of other pleadings filed by Petitioner establishes he has filed actions in state court, but he has not properly exhausted the claim that he is improperly confined. See ECF No. 7 (Furtado v. Clifton T. Perkins, Cir. Ct. for Howard Co. No. 13-C-100-81900 (motion to waive filing fee denied and case closed on April 12, 2010 for failure to disclose financial assets and

debts); Furtado v. Clifton T. Perkins, Cir. Ct. for Anne Arundel Co., No. 02-C-07-127376C, (concerning "flesh and blood" challenge to state courts authority)). Review of the electronic docket[1] for Maryland state courts reveal one case where a habeas corpus challenge was filed, a hearing was held and the petition was denied. See Furtado v. Gansler, Cir. Ct. for Howard Co. No. 13C09079533. An appeal was filed on April 21, 2010, and the state court record was sent to the Maryland Court of Special Appeals on May 10, 2010. Id. There is no indication of the outcome of that appeal.

Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

It is clear Petitioner has not fully exhausted his claim in state court. As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See MD. CODE ANN. HEALTH-GEN. § 10-805(a), (b). Denial of an application for release may be appealed. See id. § 10-805(h). Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect Petitioner's constitutional rights. See Moore v. DeYoung, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be

---

[1] http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). It is unclear whether the habeas corpus petition filed in the Circuit Court for Howard County concerned the same claim raised in this court, but there is no indication that the matter has been finally decided by the highest state court with jurisdiction to consider it.

In light of Petitioner's failure to demonstrate exhaustion of state remedies challenging his pre-trial detention, the Petition for Writ of Habeas Corpus must be dismissed without prejudice. A separate Order follows.

Sept 19, 2014
Date

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE